**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DCL, INC.,

      Plaintiff,

v.

VELOCITY FLOW TECHNOLOGIES CORP.,

      Defendant.

Civil Action No.: 2:26-CV-02201

**COMPLAINT**

     DCL, Inc. alleges as follows against Velocity Flow Technologies Corp. The allegations herein are made based upon personal knowledge as to DCL, Inc. with respect to its own actions, and upon information and belief as to all other matters.

THE PARTIES

1.     DCL, Inc. is a corporation organized and existing under the laws of the State of Michigan with a place of business at 08660 Ance Road, Charlevoix, MI 49720 (hereinafter "DCL" or "Plaintiff").

2.     Velocity Flow Technologies Corp., formerly named Salina Vortex Corp., is a corporation organized under the laws of the State of Kansas with a place of business at 1725 Vortex Avenue, Salina, KS 67401 (hereinafter "Velocity" or "Defendant").

3.     Upon information and belief, Defendant Velocity changed its name from Salina Vortex Corp. to Velocity Flow Technologies Corp. on or about December 5, 2025, and since that time has and is operating under the name Velocity Flow Technologies Corp.

1

4.      Upon information and belief, Defendant Velocity has and does business under its legal name and under at least one or more of the d/b/as and/or trade names Vortex Global, Vortex, SolidEx Global, Hamar Automation, Spectrum MetalCraft, and Fortress Abrasive Blast Systems.

5.      Defendant Velocity is doing business within the State of Kansas, and is engaged in continuous and systematic business within the State of Kansas, including directly and/or by the placing of products into the stream of commerce from or targeting the State of Kansas, and conducts and solicits business within this district, including the commission of acts of infringement as hereinafter stated.

JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1 et seq.

7.      This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

BACKGROUND ALLEGATIONS

8.      On January 27, 2026, United States Patent No. 12,534,313 was duly and legally issued to DCL, Inc. as assignee for an invention entitled "Camera-Enabled Loader System and Method" (hereinafter "the '313 Patent").  A true and correct copy of the '313 Patent is attached as Exhibit 1. As reflected on the face of Exhibit 1, the '313 Patent issued from application Serial No. 18/642,239, filed on April 22, 2024.

9.      Application Serial No. 18/642,239 was published on August 15, 2024, as Patent Application Publication No. 2024/0270518. A true and correct copy of Publication No. 2024/0270518 is attached hereto as Exhibit 2.

2

10.    DCL is the owner, by valid assignment, of all right, title, and interest in and to the '313 Patent, including the right to seek remedies and relief for infringement thereof.

11.    DCL manufactures and sells loading systems that practice the patented technology of the '313 Patent. For example, DCL markets its patented SmartLoader™ through its website https://dclinc.com/automation-for-dust-control-loading-bulk-material-with-vision-systems/, as shown below in screen captures from that website.





12.    DCL markets installations of its patented SmartLoader™ through its website https://dclinc.com/dustless-loading-spout-videos/ and YouTube channel https://www.youtube.com/@dclinc2, and elsewhere.

13.    Upon information and belief, Defendant Velocity has marketed, imported, used, offered for sale and/or sold, and continues to import, use, offer for sale, and/or sell loading

systems under at least the trade names "Vortex Automated Loading System" and "VALS" as shown in Exhibits 3-5 (hereinafter "Defendant's Loading System"). Exhibit 3 is a copy of a webpage of Defendant's website marketing its Vortex Automated Loading System obtained at https://www.vortexglobal.com/products/automated-loading. Exhibit 4 is a copy of an article published in World Cement Magazine's 2023 edition of Bulk Materials Handling Review (BMHR) that features the Vortex Automated Loading System represented to have been installed at a facility in Eastern Kansas. Exhibit 5 are images from a YouTube video advertising the Vortex Automated Loading System obtained at https://www.youtube.com/watch?v=dGdi0hxcmVw.

14.    Claim 1 of the '313 Patent recites:

1.    A bulk loading system for delivering bulk material to a storage compartment of a bulk transport vehicle in a loading area, wherein the bulk material is delivered to the storage compartment through a hatch opening of the transport vehicle, the bulk loading system comprising:

a loading spout assembly including a spout adapted to move in two vertical directions of movement;

a movable spout support adapted to support said loading spout assembly and move in at least two horizontal directions of movement within a planar region for centering said spout over the hatch opening of the storage compartment while the hatch opening is in a reach zone defined by a predetermined range of reach of said spout, wherein said planar region is smaller than the loading area and extends horizontally beyond the reach zone;

a camera coupled to said spout support for capturing and analyzing a plurality of images in real-time; and

a programmable logic controller (PLC) communicatively coupled to said spout support, said loading spout assembly, and said camera, said PLC configured to actuate (i) said spout support for centering said spout over the hatch opening of the storage compartment based on the plurality of images if said bulk loading system determines that the hatch opening is in the reach zone, and (ii) said loading spout assembly for filling the storage compartment with the bulk material after said spout is centered over the hatch opening.

15.    Defendant's Loading System, including as disclosed in Exhibits 3-5, meets each and every claim limitation of at least claim 1 of the '313 Patent. Exhibit 6 is a representative

4

claim chart of claim 1 of the '313 Patent applied against Defendant's Loading System based upon DCL's information and belief at the time of this Complaint.

16.    Defendant's Loading System, upon information and belief and including as disclosed in Exhibits 3-6, is a bulk loading system for delivering bulk material through a hatch opening to a storage compartment of a transport vehicle, and includes a loading spout assembly having a spout that is adapted to move in two vertical directions of movement. Defendant's Loading System includes a spout support that is adapted to support the loading spout assembly, and is adapted to move in at least two horizontal directions of movement within a planar region for centering the spout over the hatch opening of the storage compartment while the hatch opening is in a reach zone defined by a predetermined range of reach of the spout. The planar region is smaller than the loading area and extends horizontally beyond the reach zone.

17.    Defendant's Loading System, upon information and belief and including as disclosed in Exhibits 3-6, includes a camera coupled to Defendant's spout support. Defendant's Loading System as disclosed in Exhibits 3-6 and upon information and belief includes a programmable logic controller (PLC) that is communicatively coupled to Defendant's spout support, loading spout assembly, and camera. Defendant's PLC is configured to actuate the spout support to center the spout over the hatch opening of the storage compartment based on the images captured by Defendant's camera if Defendant's Loading System determines that the hatch opening is in the reach zone.  Defendant's PLC is configured to actuate the loading spout assembly for filling the storage compartment with the bulk material after the spout is centered over the hatch opening.

18. Defendant has constructive and/or actual knowledge of the '313 Patent. In addition, the filing and Notice of this action and the Complaint in this action provide actual notice to Defendant of the '313 Patent. Defendant thus has notice of the '313 Patent.

19. The '313 Patent claims priority to prior filed applications which issued as U.S. Patent Nos. 11.964,833 and 11,286,123. The '313 Patent is a continuation of application Serial No. 17/707,393, filed on March 29, 2022, now U.S. Patent No. 11,964,833. A true and correct copy of U.S. Patent No. 11,964,833 is attached as Exhibit 7. U.S. Patent No. 11,964,833 is in turn a continuation of application Serial No. 16/904,887, filed on June 18, 2020, now U.S. Patent No. 11,286,123. A true and correct copy of U.S. Patent No. 11,286,123 is attached as Exhibit 8.

20. On or about April 22, 2022, Plaintiff DCL provided Notice to Defendant of U.S. Patent No. 11,286,123, the first parent patent of the '313 Patent. A copy of Plaintiff's Notice is attached as Exhibit 9.

21. On or about May 2, 2022, counsel for Defendant responded to the Plaintiff's Notice of April 22, 2022. A copy of the response by Defendant's counsel is attached as Exhibit 10. Defendant's counsel stated: "The loading system developed by Vortex [Defendant] is very different from the system described in DCL's '123 Patent. It is not covered by the claims of the '123 Patent (literally or under the Doctrine of Equivalents) such that its manufacture, use or sale by Vortex [Defendant] does not and/or will not infringe the patent." The response by Defendant's counsel establishes that at least by May 2, 2022, Defendant had notice at least through its counsel as to the prosecution file history for the U.S. Patent No. 11,286,123 and the potential prosecution of child patent applications.

22.     An actual and justiciable controversy exists between Plaintiff DCL and Defendant Velocity concerning whether the actions of Defendant infringe and/or induce infringement of the asserted patent in suit, namely the '313 Patent.

COUNT I

Infringement of United States Patent No. 12,534,313

23.     Plaintiff DCL incorporates and reasserts paragraphs 1-22 herein by reference.

24.     The '313 Patent remains valid, enforceable, and unexpired.

25.     Defendant has infringed and is infringing the '313 Patent by making, using, selling, and/or offering for sale in and to the United States products incorporating and embodying the patented invention of the '313 Patent, including loading systems. Such products include by way of example and without limitation the loading systems depicted in Exhibits 3-6. Defendant has engaged in acts of direct infringement by itself that embody the patented loading system covered by at least claim 1 of the '313 Patent including, but not limited to, manufacturing, using, offering for sale, and/or selling loading systems meeting all of the requirements of claim 1 as disclosed in Exhibits 3-6, all in violation of 35 U.S.C. § 271(a).

26.     Defendant, with knowledge, reckless disregard, and/or willful blindness amounting to knowledge of the infringement by the loading systems of the '313 Patent, is offering to sell and has provided its loading systems to third parties for use in infringing claims of the '313 Patent. Such third parties include, for example and without limitation, customers of Defendant. Use by third parties of the loading systems obtained from or through Defendant directly infringes the '313 Patent, and Defendant's continued activities after knowledge constitute inducement of infringement by Defendant of the '313 Patent in violation of 35 U.S.C. § 271(b).

7

27.    Upon information and belief Defendant has offered to sell and/or sells components of Defendant's Loading System that are specially made or adapted for use in Defendant's Loading System, including without limitation Defendant's Camera & PLC Systems and/or software for PLC Systems, alone or in combination of other components. Upon information and belief, Defendant has offered to sell and/or sells within the United States a component of a patented machine or combination constituting a material part of the claimed invention of the '313 Patent, with knowledge, reckless disregard, and/or willful blindness amounting to knowledge of the same to be especially made or especially adapted for use in an infringement of such patent, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use, all as contributory infringement in violation of 35 U.S.C. § 271(c).

28.    Defendant's actions have been and are an infringement of the '313 Patent in violation of 35 U.S.C. §271, et seq., of the Patent Statute.

29.    Upon information and belief, Defendant's infringement, inducement of infringement, and contributory infringement are willful.

30.    Despite any statement to the contrary, Defendant will continue to infringe, induce the infringement of, and contributorily infringe the '313 Patent unless enjoined by this Court.

31.    Defendant's infringement and inducement of infringement have resulted in damage to DCL and will continue to do so unless enjoined by this Court.

32.    DCL has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendant.

33.    DCL has been damaged by past activities of Defendant, and is entitled to damages for past infringement and inducement of infringement.

34.    In the alternative, DCL is entitled to a declaration from the Court establishing that the actions of Defendant are infringing and inducing infringement of the '313 Patent.

**WHEREFORE**, Plaintiff DCL demands that judgment be entered in its favor against Defendant, as follows:

35.    Entering an order determining and/or declaring that Defendant infringes and induces infringement of the '313 Patent.

36.    Permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with Defendant, and each of them, from further manufacturing, sale, offer for sale, and/or use of an apparatus which infringes, induces infringement of, or contributorily infringes the '313 Patent.

37.    Permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with Defendant, and each of them, from further acts of infringement of the '313 Patent.

38.    Ordering an accounting.

39.    Awarding damages adequate to compensate DCL for Defendant's infringement and inducement of infringement of the '313 Patent.

40.    Increasing the damages up to three times the amount found or assessed for Defendant's willful acts of infringement.

41.    Awarding prejudgment interest and costs.

42.    Finding this to be an exceptional case and awarding reasonable attorney's fees to DCL.

43.    Such other and further relief as is necessary and appropriate.

JURY DEMAND

Plaintiff DCL hereby demands a trial by jury of all issues triable by jury in this action.

Plaintiff respectfully requests, pursuant to D. Kan. R. 40.2, that the trial be held in Kansas City, Kansas.

Dated: April 14, 2026

**ERISE IP, P.A.**

*/s/ Clifford T. Brazen*
Clifford T. Brazen
KS Bar No. 27408
cliff.brazen@eriseip.com
7015 College Blvd., Ste. 700
Overland Park, Kansas 66211
913-777-5600

**Gardner, Linn, Burkhart & Ondersma LLP**

Terence J. Linn (*Pro Hac Vice* Application to be Filed)
Matthew D. Kendall (*Pro Hac Vice* Application to be Filed)
Emily S. Fluent (*Pro Hac Vice* Application to be Filed)
2900 Charlevoix Dr., S.E., Ste. 300
Grand Rapids, Michigan 49546
616-975-5500
linn@gardner-linn.com
kendall@gardner-linn.com
fluent@gardner-linn.com

*Counsel for DCL, Inc.*